UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY,<br><br>        Plaintiff,<br><br>    v.<br><br>J. BEARD, et al.,<br><br>        Defendants. | No. 2:15-cv-1517 KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

Plaintiff claims he is Wiccan. Plaintiff alleges that defendants have created, implemented, or failed to revise, a policy impinging on his First Amendment rights to sanctity and symbology, deeply-rooted tenets of the Wiccan and Odinist religions. Plaintiff alleges the policy violates his constitutional rights to Free Exercise under the Establishment Clause and Equal Protection under the Fourteenth Amendment, as well as under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff solely seeks injunctive relief, including, *inter alia*, separate worship space for both Wiccans and Odinists, fencing, running water, lifting the ban on religious

symbols, allow the growth of small plants, shrubs and grass, groundskeepers, altars and storage lockers for each area, and, if plaintiff demonstrates that Wiccans and Odinists hold a majority membership over the Jewish practitioners, the pagans be provided paid pagan chaplains.

However, at the time plaintiff filed the instant action, he was also pursuing another civil rights action in the Southern District of California. Avery v. Paramo, 3:13-cv-02261 BTM DHB (S.D. Cal.). In the Southern District's screening order, the court identified plaintiff's claims as follows:

> Plaintiff, who describes himself as a Pagan-Wiccan, seeks monetary damages against various California Department of Corrections and Rehabilitation ("CDCR") and RJD officials, based on alleged violations of his First Amendment and Fourteenth Amendment rights to free exercise of religion, equal protection, and to be free of retaliation. Plaintiff further seeks injunctive relief under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). See Compl. (ECF Doc. No. 1) at 27, 42-59. Specifically, Plaintiff claims Defendants have denied him various religious accommodations, including a fence-line, fresh herbs, and running water for use in and around ceremonial cites, as well as a diet sufficient to permit fasting rituals, which he contends are provided to inmates of other faiths. Id. at 28-41. Plaintiff further claims Defendants have retaliated against him for his advocacy and use of the administrative grievance process to protect his rights. Id. at 48-50, 59-64.

Paramo, 3:13-cv-02261 BTM DHB (ECF No. 9 at 2). The court found that plaintiff stated cognizable claims as to his free exercise, equal protection, retaliation and RLUIPA allegations, and ordered service of process on the defendants. Id. at 5. Subsequently, plaintiff's retaliation claims were dismissed based on his failure to exhaust administrative remedies. Paramo, 3:13-cv-02261 BTM DHB (ECF No. 40 at 2).

The following defendants are named in both the Southern District case and the Eastern District case: Jeffrey Beard, Kathleen L. Dickinson, Kathleen Allison, and M.D. Stainer, and those defendants filed an answer in the Southern District case on December 1, 2015. Id. (ECF No. 58). A mandatory settlement conference is set for September 7, 2016, at 10:00 a.m., before Magistrate Judge David H. Bartick in San Diego, California. Id., (ECF No. 49).

Plaintiff is housed at R.J. Donovan Correctional Facility, located within the jurisdiction of the Southern District of California. In addition, plaintiff claims that the worship grounds

1 constructed pursuant to the policy he now challenges were constructed due to his litigation in the
2 San Diego County Superior Court, Case No. HSC 11337.  (ECF No. 1 at 17.)

3       The federal venue statute provides that a civil action "may be brought in (1) a judicial
4 district in which any defendant resides, if all defendants are residents of the State in which the
5 district is located, (2) a judicial district in which a substantial part of the events or omissions
6 giving rise to the claim occurred, or a substantial part of property that is the subject of the action
7 is situated, or (3) if there is no district in which an action may otherwise be brought as provided in
8 this action, any judicial district in which any defendant is subject to the court's personal
9 jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

10       In this case, most of the defendants are located in Sacramento.[1]  It is unclear where the
11 policy was created, but it was likely created in Sacramento at the headquarters of the CDCR.
12 However, the policy was implemented in San Diego at the prison where plaintiff is housed, which
13 is in the Southern District of California.  Moreover, plaintiff is pursuing litigation in the Southern
14 District which appears to overlap with some of the claims raised in this action, specifically,
15 plaintiff's claim under RLUIPA, and plaintiff's equal protection claim challenging the lack of
16 policy to protect "pagan equal protections" . . . "as they do in regards to Native American[s]."
17 Paramo, 3:13-cv-02261 BTM DHB (ECF No. 1 at 23).  Plaintiff also argues that Native
18 Americans are provided separate worship space and that the Wiccans and Asatru following is
19 large enough to compare to at least one or more of the majority religions sanctioned by CDCR.
20 Id., ECF No. 1 at 31.  Thus, there is a risk of disparate outcomes should this case proceed in the
21 Eastern District.  Moreover, the judges[2] assigned to plaintiff's civil rights action, 3:13-cv-02261
22 BTM DHB, proceeding in the Southern District, may be inclined to relate the instant case to the
23 Southern District case in the interest of judicial economy and to avoid disparate outcomes, or to
24 require plaintiff to amend his pleading to include all of his related claims in one pleading.

---

[1]  Plaintiff does not identify the locations of all of the named defendants.

[2]  Although plaintiff consented to the jurisdiction of the magistrate judge, it appears that his case was automatically assigned a district judge and a magistrate judge.  Paramo, 3:13-cv-02261 BTM DHB (ECF No. 1 at 7).

Therefore, in the interest of justice, the undersigned transfers this action to the Southern District of California.  <u>See</u> 28 U.S.C. § 1406(a); <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

Dated:  March 23, 2016

/aver1517.tf

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4